# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | ORDER OF DETENTION |
| --- | --- |
| V. | PENDING TRIAL |
| **DERICK OLIN McCONNON** | Case Number: 1:09-CR-164 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
    - [ ] an offense for which the maximum sentence is life imprisonment or death.
    - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [x] (1) There is probable cause to believe that the defendant has committed an offense
    - [x] for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
    - [ ] under 18 U.S.C.§924(c).
- [x] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Despite having a mother and pregnant fiance in this district and a lengthy work record, defendant has abused drugs and compiled a lengthy criminal record over the past decade. Most recently, while on probation to a state court, and after having been interviewed about the present offenses, defendant the following day absconded to North Dakota where he remained several months until being apprehended by the U.S. Marshals.

In 2004, defendant was also on bond to a state court when police found a glass pipe, (continued on attached page)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that tno condition or combination of conditions will assure the defendant's presence in court or the safety of the community based upon the unrebutted presumption. Alternatively, the court finds by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community based upon defendant's extensive history of continuing to commit criminal offenses while on probation, parole or bond, all circumstances in which he has (continued on next page)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: October 29, 2009

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

two boxes of sandwich baggies, two hand scales, and over 12 grams of marijuana in his apartment. Going back one step further, the offense for which defendant was on bond occurred while he was on a period of non-reporting probation. It also appears that on four prior occasions, defendant was on probation or parole when he committed new offenses.

Moreover, several of defendant's violations have been of a violent nature, including home evasion, attempted breaking and entering with intent, breaking and entering a vehicle, and domestic violence.

**Part II - Written Statement of Reasons for Detention** - (continued)

repeatedly violated the trust of the courts. Further, the court finds by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant for trial in light of his absconding to North Dakota while on probation to another court, resulting in his apprehension by the U.S. Marshals.