UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:09-CR-164 |
| Plaintiff, | |
| v. | HON. ROBERT J. JONKER<br>DISTRICT JUDGE |
| DERICK OLIN McCONNON, | |
| Defendant. | |
| _____/ | |

## PLEA AGREEMENT

This constitutes the plea agreement between Derick McConnon, and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. **The Defendant Agrees to Plead Guilty.** In the Western District of Michigan, the Defendant, Derick McConnon, agrees to plead guilty to Count Three of the Indictment, which charges him with conspiracy to distribute five-hundred (500) grams or more of a mixture or substance containing cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a).

2. **The Defendant Understands this Crime.** In order for the Defendant to be guilty of this offense, the following must be true:

    A. An illegal agreement (that is, a conspiracy) to distribute cocaine existed between at least two persons;

    B. The Defendant knew the purpose of the conspiracy and knowingly and intentionally joined the illegal agreement.

    C. The conspiracy involved at least 500 grams of cocaine.

The Defendant is pleading guilty because he is guilty of the charge described above.

3. <u>The Defendant Understands the Penalty.</u>  The defendant realizes that this offense is punishable by a minimum term of five (5) years' imprisonment; a maximum sentence of forty (40) years' imprisonment; a maximum fine of $2,000,000; a period of at least four (4) years of supervised release; and a mandatory $100 special assessment.  The Defendant agrees to pay the special assessment at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Stipulations.</u>  The Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts and law which need not be proven at the time of the plea or sentencing:

On March 16, 2009, Kentwood Police Officers followed up an informant's tip that Derick McConnon was selling cocaine from his trailer at 170 Wallasey in Gaines Township in the Western District of Michigan.  They decided to do a "knock and talk" and approached the trailer.  After identifying themselves, Derick McConnon invited them inside to have a talk.  He allowed them to briefly check the trailer for other people and the officers noted two other persons -- one of whom was passed out from drinking too much and the other who had, by his own admission, been smoking a joint of marijuana when the police arrived at the door. Both of those individuals were also wanted on outstanding arrest warrants.

Officers noted other evidence of drug dealing/usage -- including a large amount of cash, a marijuana pipe and the odor of marijuana from the recent smoking by the guest.  The Kentwood officers secured a search warrant for the trailer.  A subsequent

search netted use quantities of marijuana and 2 ounces of cocaine -- one ounce of cocaine base (crack cocaine) and one ounce of powdered cocaine. The cocaine was pre-packaged into 32 smaller bags for distribution. Officers also seized $1,688 in cash and two digital scales. Derick McConnon made *post-Miranda* admissions. Derick McConnon admitted that he owned the cocaine that the police recovered and further admitted that he had been selling cocaine for many years. He stated that during the previous 6 months the level of his cocaine trafficking had picked up. He said that for the previous 4 months he had purchased and sold approximately 4 ounces of cocaine per week -- usually about half of that in the form of crack cocaine -- and that he sold the cocaine in order to pay his living expenses.

For purposes of computing the Sentencing Guidelines in this case, the parties agree that the Defendant was responsible for relevant conduct involving at least 500 grams, but less than 2 kilograms of cocaine. The parties further agree that the Defendant did not possess a firearm in furtherance of the offense of conviction and that he was not a leader, supervisor or manager of others.

5.   Additional Promises Made by the Defendant.   The Defendant agrees to fully cooperate with the United States Department of Justice, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in this case or any Superseding Indictment as well as the investigation of crimes over which they have actual or apparent jurisdiction. The Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning the Defendant's knowledge of any and all criminal activity of which he is aware;

truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the Defendant's possession or under the Defendant's control, including, but not limited to, objects, documents, and photographs. The Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the Defendant should reasonably know will assist in the investigation of other criminal activity. The Defendant will neither commit nor assist others in the commission of any criminal offense during the course of his cooperation with the United States. The Defendant will submit to polygraph examination(s) upon request. The Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which the Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

6. <u>Advisory Paragraph Relative to the Legal Possibility of Substantial Assistance Motions</u>. The Defendant is fully aware of the legal possibilities for sentence reductions contained in USSG § 5K1.1 and Federal Rule of Criminal Procedure 35(b). The Defendant fully understands that such motions for sentence reductions may be made, pursuant to law, if, and only if, the Defendant fully cooperates with the Government <u>and</u> materially and substantially assists the Government in the investigation and/or prosecution of others. The Defendant fully understands that the Government makes no promise to file either such motion; but, rather, will evaluate the Defendant's assistance to the Government in the prosecution and investigation of others to determine whether or not such a motion should be filed in the Government's

4

opinion. The Government retains complete discretion with regard to its decision as to whether or not to file any such motion and will consider the fact that no supplemental information was filed as part of this agreement, thus sparing the Defendant significant prison time already. Additionally, the Defendant understands that, even if such a motion is filed, the Court has complete discretion to grant or deny such a motion; and, furthermore, should the Court grant such a motion, it is then within the discretion of the Court to determine how much of a sentence reduction the Defendant is to receive based upon the type and extent of the Defendant's substantial assistance to the Government in the prosecution of others. This paragraph is merely advisory, is not part of any bargained-for exchange, and gives the Defendant no legal or contractual rights of any kind to any motion for a sentence reduction.

7. The United States Attorney's Office Agrees.

A   to move for dismissal of the Counts One and Two of the Indictment and to bring no further charges against the defendant in the Western District of Michigan for drug offenses arising out of the underlying conspiracy or disclosed in his proffer or as part of his agreement to cooperate;

B. not to file a supplemental Information alleging that the defendant has a prior felony drug conviction in seeking to enhance his sentence under Title 21, United States Code, Section 851;

C. that information provided by the Defendant through any Defendant's proffer(s), and any information provided pursuant to the Defendant's promise to cooperate as described in this agreement, will not be used by the Government to enhance the Defendant's sentence, in accordance with Sentencing Guidelines §1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffer(s). It is expressly understood, however, that such information may

5

>
> be used by the Government at sentencing if the Defendant takes a position at sentencing that contradicts information provided by the Defendant pursuant to this agreement or any proffer agreement.
>
> D. not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by the Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).
>
> E. to forbear from charging Candice May Vogel with having a role in the charged conspiracy, providing however, that she agrees to provide full and truthful cooperation in the investigation of any offense(s) she was involved in.

8. **The Sentencing Guidelines Apply.** The Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The Defendant understands that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum [and minimum] penalties described elsewhere in this Agreement. The Defendant

further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

      9.    <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. The Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range other than as implicated by the stipulations in paragraph 4 above. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

      10.    <u>Waiver of Constitutional Rights</u>.  By pleading guilty, the Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the Defendant would have had the following rights:

      a. The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

      b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the Defendant guilty beyond a reasonable doubt.

      c. The right to confront and cross-examine witnesses against the Defendant.

7

   d. The right, if the Defendant wished, to testify on the Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

   e. The right not to be compelled to testify, and, if the Defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.

By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

  11. <u>Waiver of Appeal and Collateral Attack.</u> The Defendant understands that the law affords him the right to appeal his conviction and the sentence imposed. Acknowledging this, the Defendant knowingly waives the right to appeal his conviction and any sentence that is within or below the guideline range or the statutory mandatory minimum, whichever is greater. The Defendant further gives up his right to appeal the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever, in exchange for the concessions made by the United States Attorney's Office in this plea agreement, except that the Defendant may appeal on grounds, preserved at sentencing, that the Court incorrectly determined the guideline range. The Defendant also waives the right to challenge his conviction and sentence and the manner in which his sentence was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255. This agreement does not affect in any way the right of the U.S. Attorney's Office to appeal the sentence imposed by the Court.

12. <u>The Court is not a Party to this Agreement</u>. The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The Defendant understands that no one – not the prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

13. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by the Defendant. This agreement does not apply to any pending forfeiture proceedings, and shall not preclude any past, present, or future civil or forfeiture actions.

14. <u>Consequences of Breach</u>. If the Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as

though no agreement ever existed. In such an event, the Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

15. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

Respectfully submitted,

DONALD A. DAVIS
United States Attorney

12/18/09
Date

MARK V. COURTADE
Assistant United States Attorney

United States v. Derick McConnon
Plea Agreement -- Final Page

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Date 12/16/09

DERICK MCCONNON,
Defendant

I am Derick McConnon's' attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date 12-16-09

JEFFREY J. O'HARA
Attorney for Defendant